**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto CANO–RAMIREZ,**
**Defendant–Appellant.**

No. 05–50158.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2006.*

Submission Deferred March 1, 2006.

Resubmitted July 17, 2006.

Decided July 21, 2006.

Becky S. Walker, Esq., Ellyn M. Lindsay, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Myra Mossman, Santa Barbara, CA, for Defendant–Appellant.

BEFORE: CANBY, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

We affirm the 60–month sentence the district court imposed on Roberto Cano–Ramirez after he pleaded guilty to being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir.2006).

We review Cano–Ramirez's ultimate sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 260–63, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Cano–Ramirez's 60–month sentence, which was below the guideline range, is reasonable. The judge considered the

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

§ 3553(a) factors that should have received significant weight, did not give significant weight to improper or irrelevant § 3553(a) factors, and imposed a sentence well within the limited range of choice dictated by the facts of the case. *See United States v. Zavala,* 443 F.3d 1165, 1168–69 (9th Cir. 2006). Although the judge did not explicitly analyze each of the § 3553(a) factors, his discussion reflects many of them and establishes adequate consideration of the statutory factors. *See United States v. Knows His Gun,* 438 F.3d 913, 919 (9th Cir.2006). The judge considered Cano–Ramirez's history and characteristics when he relied on his family background, physical disability, and stable employment. *See* 18 U.S.C. § 3553(a)(1). The judge weighed Cano–Ramirez's need for drug rehabilitation and medical treatment when he recommended drug treatment and counseling as part of his incarceration. *See* 18 U.S.C. § 3553(a)(2)(D). The judge noted that five years sufficiently reflected the seriousness of the offense and the need to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). The judge properly calculated the guidelines range. *See* 18 U.S.C. § 3553(a)(4) & (5). The court considered and rejected Cano–Ramirez's argument that his alcohol abuse was a mitigating factor because his prior criminal acts were minor and committed while he was intoxicated. The judge discussed Cano–Ramirez's argument and distinguished the principal case upon which it was based, *United States v. Bad Marriage,* 392 F.3d 1103 (9th Cir.2004). The judge rejected Cano–Ramirez's argument that the abuse he suffered as a child was a mitigating factor for his drug offenses because there was little connection between the child abuse and later drug possession.

In balancing the sentencing goals expressed in the § 3553(a) factors, the judge noted that Cano–Ramirez's criminal history "is perhaps not as bad as it looks" and his family background, physical disability, and stable employment made a below-guidelines sentence appropriate. In short, the judge's reasoned discussion indicates that he properly "considered" the § 3553(a) factors. We agree that Cano–Ramirez's 60–month sentence is reasonable in light of the § 3553(a) sentencing factors. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006).

**AFFIRMED.**