**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James BRANCH, Defendant— Appellant.**

No. 05–10602.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Decided Aug. 17, 2006.

James E. Keller, Esq., Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Amitai Schwartz, Esq., Law Offices of Amitai Schwartz, Emeryville, CA, for Defendant–Appellant.

682

Before: HUG, KLEINFELD, and
PAEZ, Circuit Judges.

## MEMORANDUM *

James Branch appeals his 200–month sentence, contending that the sentence is unreasonable because it does not sufficiently take into account his abusive childhood. The Government contends that we do not have jurisdiction to review his sentence and argues in the alternative that the sentence is reasonable. Branch also contends that the judgment incorrectly reflects the charges and conviction and requests that we remand the case to the district court to correct the judgment. We hold that we have jurisdiction to review the sentence and that the sentence is reasonable. However, we remand the case to the district court to correct the judgment.

### Discussion

*I. Sentencing*

The district court relied on 18 U.S.C. § 3553(a) to impose a sentence below the applicable Sentencing Guidelines range. Branch does not claim that there was an error in calculating the Guidelines range, but contends that the 200–month sentence is unreasonable. Although the sentence is below the calculated Guidelines range, Branch argues that it should be even lower.

We engage in a two-step process for reviewing sentences imposed after the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). First we determine

whether the district court properly calculated the Sentencing Guidelines range. *United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006). If the district court properly calculated the Sentencing Guidelines range, we then review the sentence for reasonableness. *Id.* at 1280.

■ The Government argues that we do not have jurisdiction to consider Branch's appeal of his sentence. However, in *Booker,* the Supreme Court explicitly stated that appeals courts would review sentencing decisions "irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a)." 543 U.S. at 260, 125 S.Ct. 738. Section 3742(a) of the criminal code provides jurisdiction for an appeal when the sentence was imposed "in violation of law," 18 U.S.C. § 3742(a)(1), and the courts of appeals have jurisdiction to determine their own jurisdiction by deciding whether the sentence was, in fact, imposed in violation of law. *United States v. Ruiz,* 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). After *Booker,* a sentence is "imposed in violation of law" if it is not reasonable in light of all the factors in 18 U.S.C. § 3553(a). *United States v. Plouffe,* 445 F.3d 1126, 1128 (9th Cir.2006).

■ A sentence within the Guidelines range may still be unreasonably high and therefore imposed in violation of law. *See id.* Similarly, a sentence that is below the applicable Guidelines range still may be unreasonably high and therefore imposed in violation of law. Thus, just as we now have jurisdiction to review a sentence that is within the applicable Guidelines range, *see id.,* we also have jurisdiction to review an appeal such as Branch's where the sen-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tence is below the applicable Guidelines range.

Relying on section 3553(a)(1)'s provision regarding "the history and characteristics of the defendant," Branch contends that the sentence he received is unreasonable because it does not sufficiently take into account his horrific childhood. *Booker* does require the district court to take into account the history and characteristics of the defendant. *Booker*, 543 U.S. at 259–60, 125 S.Ct. 738. However, Branch's childhood abuse and neglect are only part of his history. His history also encompasses his criminal history, including multiple incidents of violence.

Moreover, following *Booker*, district courts are required to consider all the factors in 18 U.S.C. § 3553(a), not just the defendant's history, and all of these factors guide us in determining whether the sentence is reasonable. *Booker*, 543 U.S. at 259–61, 125 S.Ct. 738. Here, the district court carefully considered and took into account Branch's childhood history. The court also took into account his increasingly violent criminal history and the other section 3553(a) factors, including consideration of whether a 200–month sentence would provide sufficient deterrence and protect the public.

Branch suggests that his sentence is unreasonable because it is not the same sentence that Clyde Jamerson, another participant in the bank robbery, received. The fact that co-defendants receive different sentences does not mean that a sentence is unreasonable. *Plouffe*, 445 F.3d at 1131. Instead, such a result may be "consistent with the directive of *Booker* that sentencing courts are to consider how the sentencing factors apply to each defendant and determine whether an individualized sentence is warranted." *Id.* At the sentencing hearing, the district court discussed Branch's and Jamerson's roles in planning the robbery as well as their criminal histories; the judge specifically stated that Jamerson had objected to the Presentence Report's contention that he had taken part in a hundred robberies and that his sentence had not turned on that contention.

The judge also noted that Branch had entered the bank and used a firearm during the bank robbery, while Jamerson did not have a firearm or enter the bank. It is reasonable to find that staying in a car during a robbery and not having a firearm is less serious than using a firearm in a bank during a bank robbery. It also is reasonable to consider whether the defendant used a firearm when determining what total sentence will provide just punishment, afford adequate deterrence, and protect the public. Here, taking into account all of the section 3553(a) factors, it is reasonable to conclude that a total sentence of 200 months is an appropriate sentence for Branch. We therefore hold that the district court properly took into account all the section 3553(a) factors and imposed a reasonable sentence.

## II. Correcting the Judgment

Branch pled guilty to violating 18 U.S.C. §§ 2113(a) *and (d)*, which were the crimes charged in Count One of the indictment. However, the judgment erroneously states that Branch was convicted of violating 18 U.S.C. §§ 2113(a) *and (b)*. In order to avoid any possible future consequences from the error, we remand the case to the district court to correct the judgment.

### Conclusion

The sentence is AFFIRMED and the case is REMANDED for purposes of correcting the judgment.