# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

CHRISTOPHER RAY PLOUFFE,
           *Defendant-Appellant.*

No. 05-30045

D.C. No.
CR-04-00013-3-
SEH

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 9, 2005*
Seattle, Washington

Filed January 18, 2006
Amended April 21, 2006

Before: Ronald M. Gould, Marsha S. Berzon, Circuit Judges,
and William W Schwarzer,** District Judge.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

4495

**COUNSEL**

Jeremy S. Yellin, Havre, Montana, for defendant-appellant Christopher Ray Plouffe.

Joseph E. Thaggard, Assistant United States Attorney, Great Falls, Montana, for plaintiff-appellee United States of America.

**ORDER**

The opinion filed on January 18, 2006, and published at 436 F.3d 1062, is AMENDED as follows.

The first paragraph of the opinion states:

Christopher Ray Plouffe appeals his 71-month sentence imposed after his guilty-plea conviction on one

count of assault resulting in serious bodily harm in violation of 18 U.S.C. §§ 113(a)(6) and 1153. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The following language is added after this first paragraph:

## "I

Although neither party raised the issue of our jurisdiction to consider Plouffe's sentencing challenge after *United States v. Booker*, 543 U.S. 220 (2005), we requested supplemental briefing from the parties on the issue and now address it *sua sponte*. Before *Booker* was decided, the Ninth Circuit had held that we do not have jurisdiction to review a challenge to a sentence if the sentence was within the Sentencing Guidelines range. *See, e.g.*, *United States v. Reed*, 914 F.2d 1288, 1290 (9th Cir. 1990); *United States v. Pelayo-Bautista*, 907 F.2d 99, 101 (9th Cir. 1990). Ordinarily, panels cannot overrule a circuit precedent; that power is reserved to the circuit court sitting en banc. *See, e.g.*, *United States v. Hayes*, 231 F.3d 1132, 1139-40 (9th Cir. 2000); *United States v. Washington*, 872 F.2d 874, 880 (9th Cir. 1989). As an exception to this general rule, we have held that where an intervening higher authority has issued an opinion that is "clearly irreconcilable" with our prior circuit precedent, a panel is free to act disregarding that precedent. *See Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc).

Here, the clear and unambiguous language of the Supreme Court in *Booker* has established that district courts must now view the Guidelines as advisory, and sentence with discretion to go outside the Guidelines range, while considering the purposes of sentencing under 18 U.S.C. § 3553(a). *Booker*, 543 U.S.

at 245-46 (holding that after excising 18 U.S.C. §§ 3553(b)(1) and 3742(e), the Federal Sentencing Act "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well" (internal citation omitted)). *Booker* also states that "the Act continues to provide for appeals from sentencing decisions (*irrespective of whether the trial judge sentences within or outside the Guidelines range* in the exercise of his discretionary power under § 3553(a))." *Id.* at 260 (emphasis added) (citing 18 U.S.C. § 3742(a)-(b)).

The Supreme Court's holding and reasoning in *Booker* is "clearly irreconcilable" with our prior line of precedent that disclaimed jurisdiction over a challenge to a sentence within the Guidelines range. Our prior precedent restricting jurisdiction made sense when the Guidelines were considered mandatory, with only a limited scope of permissible departure. *See Koon v. United States*, 518 U.S. 81 (1996). However, it would not make sense to so restrict jurisdiction on appeal now that the Guidelines must be viewed, per the Supreme Court's *Booker* holding, as merely advisory, with sentencing courts exercising discretion within and beyond Guidelines ranges, guided by the statutory purposes of sentencing. *See Booker*, 543 U.S. at 245-46, 264-65; 18 U.S.C. § 3553(a). Stated another way, *Booker* requires that appellate courts review the reasonableness of all sentences, which is informed by the Guidelines calculation as well as by the other factors set forth in § 3553(a). If our review were eliminated for sentences within the Guidelines range, there would be no review of the other factors for such sentences, and we would thus contravene *Booker*'s mandate regarding appellate review.

Our conclusion that we have jurisdiction to consider appeals of sentences within the Guidelines range is supported by 18 U.S.C. § 3742(a)(1), which provides that a defendant may appeal a sentence if the sentence "was imposed in violation of law." *Booker* does not establish that a sentence within the Guidelines range is per se reasonable, and therefore lawful. Rather, the reasonableness of a sentence is informed by all of the § 3553(a) factors, including the Guidelines range. *See Booker*, 543 U.S. at 245-46, 264-65. A sentence that is within the Guidelines range therefore may be unreasonable and thus imposed in violation of law pursuant to § 3742(a)(1). This conclusion is in accord with our sister circuits. *See United States v. Fernandez*, ___ F.3d ___, No. 05-1596, 2006 WL 851670, at *5 (2d Cir. Apr. 3, 2006) (holding that the court has authority to review Guidelines sentences for reasonableness pursuant to § 3742(a)(1)); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006) ("We believe an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1)."), *amended by* ___ F.3d ___, No. 05-1447, 2006 WL 851781 (3d Cir. Apr. 4, 2006); *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006) (stating that, in light of *Booker*, appellate review of within-Guidelines sentences "fits within what Congress would have intended" in § 3742(a) (internal quotation marks omitted)); *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005) ("After *Booker*, . . . we will review a defendant's argument that even a sentence within the advisory guideline range is 'unreasonable' with regard to the factors set forth in 18 U.S.C. § 3553(a), and an unreasonable sentence would be imposed 'in violation of law' within the meaning of § 3742(a)." (internal citation omitted)); *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam) ("[A] post-*Booker* appeal based on the

'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)."); *see also United States v. Jiménez-Beltre*, 440 F.3d 514, 517 (1st Cir. 2006) (en banc) ("A majority of Justices said explicitly in *Booker* that sentences would be reviewable for reasonableness whether they fell within or without the guidelines, and for us that is the end of the matter." (footnote omitted)).[1]

Accordingly, we hold that we need not follow the prior precedents that constrained our jurisdiction to review an appeal of a sentence in the Guidelines range because these precedents have been effectively overruled by the intervening and higher authority of the United States Supreme Court in *Booker*, and so we are free to disregard the now superseded precedents. *Miller*, 335 F.3d at 893, 900.

## II"

No subsequent petitions for rehearing or for rehearing en banc may be filed by the parties.

**IT IS SO ORDERED.**

---

[1]At the time the parties filed their supplemental letter briefs, the decisions cited above of the First, Third, Eighth, and Eleventh Circuits had been rendered. The government in its letter brief failed to bring to our attention this relevant extra-circuit authority, interpreting the issue of jurisdiction after *Booker* to review within-Guidelines sentences. When we seek supplemental briefing on a novel issue involving interpretation of a Supreme Court precedent, on which our circuit has not ruled, we expect the parties, including the government, to bring to our attention all relevant extra-circuit precedent.

## OPINION

GOULD, Circuit Judge:

Christopher Ray Plouffe appeals his 71-month sentence imposed after his guilty-plea conviction on one count of assault resulting in serious bodily harm in violation of 18 U.S.C. §§ 113 (a)(6) and 1153. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I

Although neither party raised the issue of our jurisdiction to consider Plouffe's sentencing challenge after *United States v. Booker*, 543 U.S. 220 (2005), we requested supplemental briefing from the parties on the issue and now address it *sua sponte*. Before *Booker* was decided, the Ninth Circuit had held that we do not have jurisdiction to review a challenge to a sentence if the sentence was within the Sentencing Guidelines range. *See, e.g.*, *United States v. Reed*, 914 F.2d 1288, 1290 (9th Cir. 1990); *United States v. Pelayo-Bautista*, 907 F.2d 99, 101 (9th Cir. 1990). Ordinarily, panels cannot overrule a circuit precedent; that power is reserved to the circuit court sitting en banc. *See, e.g.*, *United States v. Hayes*, 231 F.3d 1132, 1139-40 (9th Cir. 2000); *United States v. Washington*, 872 F.2d 874, 880 (9th Cir. 1989). As an exception to this general rule, we have held that where an intervening higher authority has issued an opinion that is "clearly irreconcilable" with our prior circuit precedent, a panel is free to act disregarding that precedent. *See Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc).

Here, the clear and unambiguous language of the Supreme Court in *Booker* has established that district courts must now view the Guidelines as advisory, and sentence with discretion to go outside the Guidelines range, while considering the purposes of sentencing under 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 245-46 (holding that after excising 18 U.S.C.

§§ 3553(b)(1) and 3742(e), the Federal Sentencing Act "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well" (internal citation omitted)). *Booker* also states that "the Act continues to provide for appeals from sentencing decisions (*irrespective of whether the trial judge sentences within or outside the Guidelines range* in the exercise of his discretionary power under § 3553(a))." *Id.* at 260 (emphasis added) (citing 18 U.S.C. § 3742(a)-(b)).

The Supreme Court's holding and reasoning in *Booker* is "clearly irreconcilable" with our prior line of precedent that disclaimed jurisdiction over a challenge to a sentence within the Guidelines range. Our prior precedent restricting jurisdiction made sense when the Guidelines were considered mandatory, with only a limited scope of permissible departure. *See Koon v. United States*, 518 U.S. 81 (1996). However, it would not make sense to so restrict jurisdiction on appeal now that the Guidelines must be viewed, per the Supreme Court's *Booker* holding, as merely advisory, with sentencing courts exercising discretion within and beyond Guidelines ranges, guided by the statutory purposes of sentencing. *See Booker*, 543 U.S. at 245-46, 264-65; 18 U.S.C. § 3553(a). Stated another way, *Booker* requires that appellate courts review the reasonableness of all sentences, which is informed by the Guidelines calculation as well as by the other factors set forth in § 3553(a). If our review were eliminated for sentences within the Guidelines range, there would be no review of the other factors for such sentences, and we would thus contravene *Booker*'s mandate regarding appellate review.

Our conclusion that we have jurisdiction to consider appeals of sentences within the Guidelines range is supported by 18 U.S.C. § 3742(a)(1), which provides that a defendant may appeal a sentence if the sentence "was imposed in violation of law." *Booker* does not establish that a sentence within the Guidelines range is per se reasonable, and therefore lawful. Rather, the reasonableness of a sentence is informed by

all of the § 3553(a) factors, including the Guidelines range. *See Booker*, 543 U.S. at 245-46, 264-65. A sentence that is within the Guidelines range therefore may be unreasonable and thus imposed in violation of law pursuant to § 3742(a)(1). This conclusion is in accord with our sister circuits. *See United States v. Fernandez*, ___ F.3d ___, No. 05-1596, 2006 WL 851670, at *5 (2d Cir. Apr. 3, 2006) (holding that the court has authority to review Guidelines sentences for reasonableness pursuant to § 3742(a)(1)); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006) ("We believe an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1)."), *amended by* ___ F.3d ___, No. 05-1447, 2006 WL 851781 (3d Cir. Apr. 4, 2006); *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006) (stating that, in light of *Booker*, appellate review of within-Guidelines sentences "fits within what Congress would have intended" in § 3742(a) (internal quotation marks omitted)); *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005) ("After *Booker*, . . . we will review a defendant's argument that even a sentence within the advisory guideline range is 'unreasonable' with regard to the factors set forth in 18 U.S.C. § 3553(a), and an unreasonable sentence would be imposed 'in violation of law' within the meaning of § 3742(a)." (internal citation omitted)); *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam) ("[A] post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)."); *see also United States v. Jiménez-Beltre*, 440 F.3d 514, 517 (1st Cir. 2006) (en banc) ("A majority of Justices said explicitly in *Booker* that sentences would be reviewable for reasonableness whether they fell within or without the guidelines, and for us that is the end of the matter." (footnote omitted)).[1]

---

[1]At the time the parties filed their supplemental letter briefs, the decisions cited above of the First, Third, Eighth, and Eleventh Circuits had

**[1]** Accordingly, we hold that we need not follow the prior precedents that constrained our jurisdiction to review an appeal of a sentence in the Guidelines range because these precedents have been effectively overruled by the intervening and higher authority of the United States Supreme Court in *Booker*, and so we are free to disregard the now superseded precedents. *Miller*, 335 F.3d at 893, 900.

## II

**[2]** We review sentences imposed after the Supreme Court's decision in *United States v. Booker* for "unreasonableness." 125 S. Ct. 738, 765-66 (2005). In determining whether a sentence is unreasonable, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines.[2] *Id.*

**[3]** The district court considered Plouffe's history and characteristics, which were described in the presentence report; Plouffe's role in the offense; the need to protect the public while providing appropriate punishment for the offense; and

---

been rendered. The government in its letter brief failed to bring to our attention this relevant extra-circuit authority, interpreting the issue of jurisdiction after *Booker* to review within-Guidelines sentences. When we seek supplemental briefing on a novel issue involving interpretation of a Supreme Court precedent, on which our circuit has not ruled, we expect the parties, including the government, to bring to our attention all relevant extra-circuit precedent.

[2]These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

the now-advisory Sentencing Guidelines range of 57-71 months. The court then imposed a sentence that was within the guideline range, albeit at the top of the range. The district court's approach was reasoned and it addressed factors specified in § 3553(a). We conclude that Plouffe's 71-month sentence is reasonable, and we will not disturb the discretion of the sentencing court.

**[4]** That Plouffe's sentence is nearly twice as long as the 37-month sentence imposed on his co-defendant, Mad Plume, is not grounds for finding that Plouffe's sentence is unreasonable, as urged by Plouffe. Rather, this result is consistent with the directive of *Booker* that sentencing courts are to consider how the sentencing factors apply to each defendant and determine whether an individualized sentence is warranted. *Id.* at 767 (noting that, without its mandatory provision, the Sentencing Reform Act remains consistent with Congress's intent to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities . . . [and] *maintaining sufficient flexibility to permit individualized sentences when warranted*.") (emphasis added) (alteration in original) (internal quotation marks omitted). Because Plouffe's criminal history was different from that of his co-defendant, the district court had a reasonable basis under the advisory Sentencing Guidelines for the difference in the sentence each received, and this difference does not require relief for Plouffe.

**AFFIRMED.**