**UNITED STATES of America, Plaintiff—Appellee,**

v.

Omar **LIZARRAGA–CEDANO,** aka Omar Lizarrala–Cedano aka Omar Lizarrala–Sedano aka Jose De Jesus Rodrigues–Sedano, Defendant—Appellant.

No. 05–30192.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earl Allan Hicks, Esq., Stephanie Whitaker, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Terence M. Ryan, Esq., Nino & Ryan Law Office, Spokane, WA, for Defendant–Appellant.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM **

Omar Lizarraga–Cedano appeals from his conviction and sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

■ Lizarraga–Cedano argues that there was insufficient evidence to support his conviction for possession of cocaine with intent to distribute. However, he fails to detail the elements of the crime he believes were not established. The government points to myriad evidence to support the conviction, including drug packaging paraphernalia with cocaine residue that was found in the search of the Bismark residence. Based on the evidence, we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Edmonds*, 103 F.3d 822, 825 (9th Cir.1996).

■ Lizarraga–Cedano next asserts that the prosecution engaged in misconduct in two ways. First, he contends that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court erred in allowing the prosecution to ask two witnesses whether each had testified truthfully. Assuming, without deciding, that this constituted vouching, the district court cured the error by stating in response to one instance that "[t]he ultimate determination of the credibility or believability of any and all witnesses is up to the jury," and by sustaining Lizarraga's objection to the questioning in the other instance. *See United States v. Shaw,* 829 F.2d 714, 718 (9th Cir.1987). Accordingly, any possible error was harmless.

■ Second, Lizarraga–Cedano contends that the prosecution's occasional use of the word "we" to refer to itself in conjunction with the investigators violated Lizarraga–Cedano's right to due process. It is unclear whether there was an objection, but a proper objection would not change the outcome. The government's statements using "we" and "us" were not numerous, nor did they go to the heart of the case. *See United States v. Hermanek,* 289 F.3d 1076, 1102 (9th Cir.2002). On one occasion, the prosecutor immediately clarified that she was referring to law enforcement. On another, "we" appeared to refer to state and federal prosecutors, not to the criminal investigation team. Additionally, the government adequately set the record straight in its closing argument, where the prosecutor stressed that he was distinct from law enforcement and from the witnesses. We conclude that any possible error was harmless.

■ Finally, Lizarraga–Cedano challenges his sentence, arguing that it is disproportionate to the sentences received by his co-conspirators. We review sentences for "unreasonableness." *United States v.*

*Plouffe,* 445 F.3d 1126, 1131 (9th Cir.2006) (as amended). The sentencing guidelines suggested life in prison based on Lizarraga–Cedano's offense level, but the district court departed downward. The district court specifically stated that Lizarraga–Cedano's sentence was longer than those of his co-conspirators because he was the "most involved and [his] conduct was the most significant." The jury determined that Lizarraga–Cedano was a "manager/supervisor" and that he possessed a firearm in conjunction with the offense. The district court's decision to sentence Lizarraga–Cedano to a longer sentence than his co-conspirators was reasonable, as was the amount of the increase. *See id.* at 1131–32.

**AFFIRMED.**