UNITED STATES of America,
Plaintiff—Appellee,

v.

Jerry Lee GARNER, Defendant—
Appellant.

No. 05–10222.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Thomas C. Naylor, Esq., Law Offices of Thomas C. Naylor, Henderson, NV, for Defendant–Appellant.

Andrew W. Duncan, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Jerry Lee Garner appeals from the 98–month sentence imposed on remand for resentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), following his conviction for use of a Social Security number assigned to another person and possession with intent to distribute a controlled substance, in violation of 42 U.S.C. § 408(a)(7)(B) and 21 U.S.C. § 841(a)(1), (b)(1)(B)(iv), respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Garner asserts that the district court imposed an unreasonable sentence because it failed to appropriately consider his troubled youth growing up with gangs in Los

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Angeles; the fact that he is attempting to support a child; his attempt to straighten out his life by negotiating a contract to train young boxers; his solid family support; and the fact that his criminal history consisted of only two prior misdemeanors. We disagree. The record reveals that during the resentencing hearing, the court took into account these considerations, and balanced them against other relevant factors, including the seriousness of the offense. *See* 18 U.S.C. § 3553(a); *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

**AFFIRMED.**