**UNITED STATES Of America,
Plaintiff—Appellee,**

v.

**Juan Carlos GARCIA–RUBIO,
Defendant—Appellant.**

No. 05–50314.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Fed. R.App. P. 34(a)(2).

Christopher A. Ott, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Janice M. Deaton, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Juan Carlos Garcia–Rubio appeals from his 70–month sentence imposed following a guilty plea to being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Garcia–Rubio contends that the district court erred in imposing a sentence longer than the two-year statutory maximum set forth by 8 U.S.C. § 1326, because the commission of a prior aggravated felony was neither alleged in the indictment nor proved to a jury beyond a reasonable doubt. Garcia–Rubio acknowledges that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), forecloses this contention, but seeks to preserve the issue on direct appeal. Garcia–Rubio's contention remains foreclosed. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005).

■ Garcia–Rubio further contends that the district court erred in enhancing his sentence based upon a prior conviction for a felony crime of violence. Garcia–Rubio is mistaken. The record reflects that the district court enhanced his sentence based upon a prior alien smuggling offense pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii). This Court has rejected the argument that a prior conviction must be admitted, or alleged in the indictment and proved to a jury beyond a reasonable doubt, in order to enhance a defendant's offense level under the Sentencing Guidelines. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

■ Garcia–Rubio also contends that his sentence is unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because his sentence is disparate as compared to the median sentence imposed on other de-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fendants convicted of illegal reentry, and because the court declined to grant a criminal history departure. The disparity between Garcia–Rubio's sentence and those of other defendants is not unwarranted in light of Garcia–Rubio's extensive criminal history and his rejection of an earlier plea offer. *See United States v. Plouffe,* 445 F.3d 1126, 1131–32 (9th Cir.2006) (sentencing disparity did not render sentence unreasonable because defendants had different criminal histories). Further, the district court considered Garcia–Rubio's criminal history at length, and in a reasoned manner. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 770–71 (9th Cir.2006). We conclude that Garcia–Rubio's sentence, at the low end of the applicable Guidelines range, was not unreasonable in light of the factors set forth by 18 U.S.C. § 3553(a). *See Rodriguez–Rodriguez,* 441 F.3d at 770–71.

**AFFIRMED.**