**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Emmanuel GUZMAN–VALENCIA,**
Defendant–Appellant.

**No. 06–30063.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Sept. 27, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Michelle R. Mallard, USPO—Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Kevin Peterson, Blackfoot, ID, for Defendant–Appellant.

Before: SILVERMAN and GOULD, Circuit Judges, and RHOADES,** District Judge.

## MEMORANDUM ***

Guzman–Valencia argues that his sentence of 121 months imprisonment is unreasonable because he "was clearly an addict minor participant," because he did not profit from the conspiracy, and because his criminal history was minimal.[1]

At sentencing, the district court rejected Guzman–Valencia's argument that he was a minor participant in the conspiracy, and we review that factual finding for clear error. *See United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006). In his brief, Guzman–Valencia points to no evidence in the record indicating that he had a minor role in the offense, and absent some evidence or argument to the contrary we will not hold that the district court clearly erred. We similarly reject Guzman–Valencia's contention that he did not profit from the conspiracy. There was evidence, based on Guzman–Valencia's pay stubs, that he quit his job after he became involved in the conspiracy. And Guzman–Valencia provides no evidence or argument in support of his contention that he did not profit from the conspiracy.

Finally, Guzman–Valencia argues that his criminal history was minor, but he did not at the district court, and does not now, challenge the district court's computation of his criminal history score. The district court properly counted Guzman–Valencia's criminal history score, and appropriately considered Guzman–Valencia's criminal history when fashioning his sentence.

The district court correctly calculated the advisory Guidelines range, considered the § 3553(a) factors, and permissibly sentenced Guzman–Valencia at the low end of the Guidelines range. We hold that, in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Guzman–Valencia's sentence was reasonable. *See United States v. Plouffe,* 445 F.3d 1126, 1131–32 (9th Cir.2006).

**AFFIRMED.**

---

** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural history, we will recount it here only to the extent necessary to understand our decision.