**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Christopher CLOSE, Defendant—
Appellant.**

No. 05–30131.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 20, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wendy Olson, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Douglas D. Phelps, Spokane, WA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

Christopher Close appeals from the conviction and sentence imposed following his conviction for health care fraud, money laundering, obstruction of a federal audit, and obstruction of a criminal investigation of health care offenses, in violation of 18 U.S.C. §§ 1347, 1516, 1518, and 1956(a)(1)(A)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Close contends that the district court erred by denying his motion for a continuance so that he could retain new counsel. In light of the consideration the district court gave to the age and health of the witnesses, the timing of the request, and its own scheduling concerns, we conclude that the denial of the motion for a continuance did not violate Close's Sixth Amendment right to counsel. *See Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

■ Close contends for the first time in his supplemental brief that the district court abused its discretion by not permitting the substitution of counsel due to the conflict between Close and counsel. This issue was not raised in Close's opening brief and falls outside the court's order permitting supplemental briefing only on the impact of *United States v. Gonzalez–Lopez,* — U.S. ——, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), on this appeal.

■ Close contends that the use of facts that were not pled in the indictment to enhance his sentence violated his Fifth and Sixth Amendment rights. Because the sentencing enhancements did not increase the statutory maximum terms of imprisonment, this contention lacks merit. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Close contends that his right to confront witnesses was violated during the sentencing proceedings. A review of the record reveals that Close was given the opportunity to cross-examine all witnesses. Furthermore, to the extent Close objects to the admission of hearsay during the sentencing hearing, this contention is foreclosed by *United States v. Littlesun,* 444 F.3d 1196, 1200 (9th Cir.2006).

Because the sentence imposed was not unreasonable, we affirm. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

The motion for bail pending appeal is denied as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.