UNITED STATES of America, Plaintiff–Appellee,

v.

Abimeo ORTEGA–FRUTOS, Defendant–Appellant.

No. 06–30166.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Michael Joseph Fica, Esq., Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Nick Vieth, Federal Defenders, Eastern Washington and Idaho, Pocatello, ID, for Defendant–Appellant.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Abimeo Ortega–Frutos appeals from the 96–month sentence imposed following his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. We have

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ortega–Frutos contends that his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in that the court failed to consider the nature of his offense, the circumstances surrounding a prior burglary offense which resulted in a 16–level enhancement of his offense level under the Sentencing Guidelines, his personal history, and his willingness to participate in a fast-track program. However, the record reflects that the court properly weighed and considered the factors set forth in 18 U.S.C. § 3553(a) before imposing sentence. *See United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.) (affirming where the district court "gave thoughtful attention to factors recognized in § 3553(a) and exercised sound discretion to ensure that the punishment fit the crime and the circumstances of the appellants"), *cert. denied*, —— U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006). We conclude that Ortega–Frutos' sentence was reasonable. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

**AFFIRMED.**