**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ponciano GRACIAN–BERBER,**
**Defendant–Appellant.**

No. 06–10047.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Ronald C. Rachow, Esq., USRE—Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Vito De La Cruz, Michael K. Powell, Esq., FPDNV—Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Ponciano Gracian–Berber appeals from the 70–month sentence imposed following his guilty-plea conviction for being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gracian–Berber contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court failed to consider sentencing disparities between districts with fast-track programs and districts without fast-track programs. This contention is foreclosed by *United States v. Marcial–Santiago*, 447 F.3d 715, 718 (9th Cir.), *cert. denied sub nom. Acosta–Franco v. United States*, — U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006). The record reflects that the district court properly weighed and considered the factors set forth in 18 U.S.C. § 3553(a), and imposed a sentence at the low end of the applicable Guidelines range. We conclude that Gracian–Berber's sentence was not unreasonable. *See id.* at 719 (affirming where the district court "gave thoughtful attention to factors recognized

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

in § 3553(a) and exercised sound discretion"); *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

Gracian–Berber's contentions that the district court erred in enhancing his sentence pursuant to 8 U.S.C. § 1326(b)(2) are foreclosed, *see United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir. 2006), and *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006), and his contention that the district court improperly found the temporal relationship between a deportation and his prior conviction is belied by the record.

**AFFIRMED.**