UNITED STATES of America,
Plaintiff–Appellee,

v.

LONG VAN NGUYEN, Defendant–Appellant.

No. 06–30051.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Helen J. Brunner, Esq., Susan M. Roe, Esq., Ye–Ting Woo, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Long Van Nguyen, Federal Detention Center, Seattle, WA, pro se.

Jeffrey Erwin Ellis, Ellis Holmes & Witchley, PLLC, Seattle, WA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM **

Long Van Nguyen appeals from the 90-month sentence imposed following his guilty-plea conviction for conspiracy to import marijuana, conspiracy to distribute marijuana, and conspiracy to engage in money laundering, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(G), 963, 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 1956(h). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Nguyen contends that his case should be remanded for resentencing because the district court did not understand the post-*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing regime. Nguyen contends that the district court failed to formally determine his applicable Sentencing Guidelines range, improperly referred to U.S.S.G. § 5K1.1 as a "downward departure," and failed to consider the sentencing factors listed in 18 U.S.C. § 3553(a). Nguyen's contentions are meritless.

A review of the record demonstrates that the district court properly determined the Sentencing Guidelines range. *See United States v. Cantrell*, 433 F.3d 1269, 1279–80 (9th Cir.2006). Additionally, the record demonstrates that the district court properly considered the factors listed in U.S.S.G. § 5K1.1 in granting the motion, and that the district court considered the factors listed in § 3553(a) in sentencing Nguyen. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.), *cert. denied*, —

U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

Moreover, Nguyen's contention that the district court did not understand the post-*Booker* sentencing regime is undercut by his concession in his opening brief that the district court judge understood the advisory nature of the Guidelines.

Lastly, we ultimately review a sentence for reasonableness. *See Plouffe*, 445 F.3d at 1131. As Nguyen concedes, his sentence was reasonable. *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

