**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Juan ANDRADE–ARROYO, Defendant–Appellant.**

No. 05–10775.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Mark A. Lizarraga, FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**633**

MEMORANDUM **

Jose Juan Andrade–Arroyo appeals from his 77–month sentence imposed after pleading guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Andrade–Arroyo contends that his sentence was unreasonable because the district court failed to give meaningful consideration to the need to avoid unwarranted sentencing disparities, pursuant to 18 U.S.C. § 3553(a)(6). We disagree.

A review of the record demonstrates that the district court considered that factor, as well as other § 3553(a) factors, and determined that a 77–month sentence was consistent with other defendants who were being sentenced after pleading guilty without a plea agreement. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

Further, even assuming that any sentencing disparity was unwarranted, "that factor alone would not render Appellant['s] sentence[ ] unreasonable; the need to avoid unwarranted sentencing disparities is only one factor a district court is to consider in imposing a sentence." *United States v. Marcial–Santiago,* 447 F.3d 715, 719 (9th Cir.), *cert. denied sub nom. Acosta–Franco v. United States,* — U.S. —, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.