**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santiago IBARRA, Defendant–Appellant.**

**No. 06–50136.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Sean K. Lokey, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Santiago Ibarra, Adelanto, CA, Suzanne M. Lachelier, Esq., San Diego, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

### MEMORANDUM **

Santiago Ibarra appeals from the 168–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, and conspiracy to distribute

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ibarra contends that the district court erred by denying his motion for a downward adjustment for minor role pursuant to U.S.S.G. § 3B1.2. The record supports the district court's determination that Ibarra had not met his burden of showing that he was entitled to this adjustment. *See United States v. Cantrell,* 433 F.3d 1269, 1282–83 (9th Cir.2006). Furthermore, we reject Ibarra's contention that the district court violated his right to due process by imposing a higher burden of proof because nothing in the record demonstrates that the district court held Ibarra to a higher burden.

Because we conclude that the district court took into account the appropriate sentencing factors, we reject Ibarra's contention that the sentence is unreasonable and that the district court unduly emphasized certain sentencing factors over others. We conclude that the ultimate sentence imposed was reasonable. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006). Accordingly, the sentence is affirmed.

**AFFIRMED.**