**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David James HOLMAN, Defendant–**
**Appellant.**

No. 06–50214.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Becky S. Walker, Esq., Bayron Gilchrist, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Arthur H. Weed, Santa Barbara, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

David James Holman appeals from his 57–month sentence imposed for aiding and

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

abetting a bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Holman contends that he was entitled to a downward adjustment pursuant to U.S.S.G. § 3B1.2 for playing a minor role in the offense. We disagree. There was no plain error when the district court did not apply the adjustment because Holman was not substantially less culpable than his co-defendant. *See United States v. Pinkney,* 15 F.3d 825, 828 (9th Cir.1994).

Holman also contends that he was entitled to a downward departure because his participation in the robbery constituted aberrant conduct. We disagree and conclude that the sentence was not unreasonable. *See United States v. Booker,* 543 U.S. 220, 261–63, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.2006); *see also United States v. Mohamed,* 459 F.3d 979, 986–87 (9th Cir.2006) (recognizing that the scheme of departures has been replaced by the requirement that judges impose a reasonable sentence and that a sentence is subject to a unitary review for reasonableness regardless of how the district court styles its sentencing discretion).

**AFFIRMED.**