**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jason S. STANGE, Defendant–**
**Appellant.**

**No. 06–30421.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed March 20, 2007.

Joseph H. Harrington, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Amy H. Rubin, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM *

Jason Stange appeals the 117–month sentence he received after pleading guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and to the use of a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii). We affirm.

█ The record of the sentencing hearing plainly demonstrates that the district court did not treat the Sentencing Guidelines as mandatory and understood that sentences can deviate—either upward or downward—from those calculated by the Guidelines. Although the district court ultimately imposed a sentence within the range recommended by the Guidelines, the court explicitly recognized that the Guidelines were "advisory" and that the "real issue" was whether "to sentence [Stange] to seven years"—the statutory minimum

* This disposition is not appropriate for publication and is not precedent except as provided

for the firearm conviction—"as opposed to something higher" as recommended by the Guidelines. The district court, therefore, complied with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

█ In exercising this discretion, the district court imposed a reasonable sentence. In accord with 18 U.S.C. § 3553(a), the district court conducted a thoughtful and thorough examination of the relevant sentencing factors. Although Stange's documented struggle with Post–Traumatic Stress Disorder after his Marine Corps service could support a shorter sentence, the district court reasonably considered that condition in light of the psychological report's indication that Stange was prone to violence. Because the district court imposed a reasonable sentence, "we will not disturb the discretion of the sentencing court." *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.2006).

█ Moreover, the district court reasonably relied on Stange's admission that he had committed a 1997 bank robbery, because Stange did not dispute its inclusion in the Presentencing Report ("PSR"). *See United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc) ("[T]he district court may rely on undisputed statements in the PSR at sentencing."); *United States v. Romero–Rendon,* 220 F.3d 1159, 1163 (9th Cir.2000) (holding a PSR provided "clear and convincing evidence of [the defendant's] previous conviction" when the defendant "never questioned the factual accuracy of the PSR"). To allow the statement to the FBI to remain unchallenged in any way allows the court to infer that it is accurate. Even though Stange did not deny that he made such a statement to

by 9th Cir. R. 36–3.

FBI agents, an objection would have required the district court to inquire into the confession's accuracy. *See* FED.R.CRIM.P. 32(i)(3) ("At sentencing, the court ... must—for any disputed portion of the presentence report or *other controverted matter*—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing ...." (emphasis added)). It was perfectly appropriate for the district court to treat the confession as true when Stange failed to object to the PSR.

**AFFIRMED.**