**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Philip ARCAND, Defendant–Appellant.**

No. 06–50065.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2007.*

Filed June 7, 2007.

Becky S. Walker, Esq., Ellyn M. Lindsay, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

David M. Dudley, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: THOMAS, FISHER, and GOULD, Circuit Judges.

MEMORANDUM **

After a bench trial, the district court convicted Philip Arcand of two counts of mail fraud committed through telemarketing. Arcand's fraud involved the telemarketing sale of bogus "credit card protection" packages to credit cardholders. On Arcand's first appeal, we affirmed his conviction, but remanded his case to the district court for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Arcand*, 139 Fed.Appx. 912, 913 (9th Cir.2005). At resentencing, the district court found that Arcand's mail fraud caused about $12.9 million in losses and enhanced Arcand's sentence by fifteen levels pursuant to U.S.S.G. § 2F1.1(b)(P) (2000). The district court sentenced Arcand to 120 months imprisonment with three years supervised release.

Arcand argues that his sentence violates the Fifth and Sixth Amendments. We disagree. The judicial finding of loss amount did not violate the Constitution because the judicial fact-finding took place under a guidelines scheme rendered advisory by *Booker*. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The government did not need to allege the loss amount in the indictment because Arcand's sentence did not exceed the maximum sentence prescribed by Congress for the crime of which he was convicted. *See Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Finally, the district court was not required to find that the government established the loss amount beyond a reasonable doubt and could permissibly apply the clear and convincing evidence standard. *See United States v. Staten,* 466 F.3d 708, 717–18 (9th Cir.2006); *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006).

Arcand also argues that the district court clearly erred in finding that the loss amount was approximately $12.9 million. We disagree. The Sentencing Guidelines provide that, for the purpose of calculating the loss attributable to the defendant,

> the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information. This estimate, for example, may be based on the approximate number of victims and an estimate of the average loss to each victim, or on more general factors, such as the nature and duration of the fraud and the revenues generated by similar operations.

U.S.S.G. § 2F1.1 cmt. n. 9; *see United States v. Robinson,* 94 F.3d 1325, 1327 (9th Cir.1996). Because the district court conservatively and reasonably estimated the substantial loss caused by Arcand to thousands of cardholders, the district court did not clearly err in calculating the loss amount.

Finally, we hold that Arcand's sentence resulted from a reasonable application of the factors set forth in 18 U.S.C. § 3553(a)

and the sentencing range established by the Sentencing Guidelines. *See Booker,* 543 U.S. at 261, 125 S.Ct. 738; *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.2006).

**AFFIRMED.**