**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Nestor Josue ELVIR, Defendant—**
**Appellant.**

**No. 06–50526.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Becky S. Walker, Esq., Joseph N. Akrotirianakis, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM **

Nestor Josue Elvir appeals from his sentence of 77 months in prison and two years supervised release following his guilty-plea conviction for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Elvir contends that the district court imposed an unreasonable sentence and failed to consider the factors and goals contained in 18 U.S.C. § 3553(a). The record belies this contention. The record reflects that the district court considered and rejected the argument that the sentence was greater than necessary. Upon review, we conclude that the district court properly considered the factors contained in 18 U.S.C. § 3553(a) and imposed a reasonable sentence. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* 547 U.S. 1158, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

Elvir also contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled and that § 1326(b) is unconstitutional. These contentions are foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006)

(rejecting a challenge to the constitutionality of § 1326(b)).

Elvir lastly contends that the district court's condition of supervised release requiring him to report to the probation officer within 72 hours of re-entry into the United States, coupled with the requirement to answer truthfully all inquiries by his probation officer, violates his Fifth Amendment rights. This contention is foreclosed. *See United States v. Abbouchi,* 502 F.3d 850, 858–59 (9th Cir.2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

