**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Heriberto FRAGOSO, Defendant—
Appellant.**

No. 06–50631.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 6, 2009.

USLA–Office of the U.S. Attorney
Criminal Division, Los Angeles, CA, for
Plaintiff–Appellee.

Kathryn A. Young, Esq., FPDCA–Federal Public Defender's Office, Los Angeles,
CA, for Defendant–Appellant.

Before: GOODWIN, TROTT, and
RYMER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Heriberto Fragoso appeals from the 322–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A), and use or carrying of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

■ Fragoso contends that his sentence is unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a). We conclude that the sentence is substantively reasonable. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 598–602, 169 L.Ed.2d 445 (2007); *see also United States v. Stoterau*, 524 F.3d 988, 1001–02 (9th Cir. 2008); *United States v. Plouffe*, 445 F.3d 1126, 1131–32 (9th Cir.2006).

With regard to Special Condition 5 of his supervised release, Fragoso contends that the district court erred by: (1) delegating to the probation officer the authority to make him pay all or part of the costs of drug or alcohol treatment; and (2) disregarding his inability to pay. These contentions are foreclosed. *See United States v. Soltero*, 510 F.3d 858, 864–65 (9th Cir. 2007); *United States v. Dupas*, 419 F.3d 916, 922–24 (9th Cir.2005).

■ Finally, Fragoso requests a remand to correct the written judgment so that it conforms with the district court's oral pronouncement at sentencing that any financial contribution toward the cost of drug or alcohol treatment be conditioned upon his ability to pay. We remand for the limited purpose of correcting the written judgment in this regard. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993).

**AFFIRMED; REMANDED to correct judgment.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

