**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10169 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00010-EJG-1 |
| v. | |
| SANG KOM SOTH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, Senior District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

Defendant Sang Kom Soth ("Soth"), a career offender pleading guilty to

possession with intent to distribute 50 grams or more of methamphetamine, *see* 21

U.S.C. § 841(a)(1), argues his sentence is procedurally and substantively

unreasonable.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We have jurisdiction to review Soth's sentence for reasonableness. *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir. 2006). After thoroughly considering the parties' arguments and the record below, we simply cannot conclude that Soth's sentence is procedurally or substantively unreasonable.[1] We affirm the district court.

Soth also contends the district court should have allowed his counsel to withdraw immediately before it announced Soth's sentence, or at least should have held a hearing on the question. Earlier, Soth's counsel had challenged Soth's presentence report for overstating his criminal history; immediately before sentencing him, the district court told Soth's counsel that her advocacy led the court to consider Soth's history more closely than it otherwise might have—ultimately to Soth's detriment. Soth argues that the district court's statement is akin to a finding that his counsel behaved incompetently, and that it therefore should have resulted in an inquiry into his satisfaction with his representation. There is a vast difference, however, between an offhand remark that an argument drew the court's attention to an unfavorable fact and a finding

---

[1] In light of Soth's concession at oral argument that he is not challenging the extent of the departure apart from the reasonableness of the sentence as a whole, we do not address separately the procedural reasonableness of the extent of the district court's departure.

that the person making the argument acted incompetently.  Soth's position is without merit.  All pending motions are denied as moot.

**AFFIRMED.**