NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50381 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00817-PSG-1 |
| v. | |
| JONATHAN MOORE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted December 10, 2020**
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges, and KENNELLY,***
District Judge.

Jonathan Moore appeals the district court's imposition of a twenty-one

month sentence following his guilty plea to threatening a federal official and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

employee in violation of 18 U.S.C. § 115(a)(1)(B). We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

We review the district court's interpretation of the Sentencing Guidelines de novo and a district court's factual findings in the sentencing phase for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We review the district court's application of the Guidelines to the facts of a particular case for abuse of discretion. *Id.*

Moore contends that the district court erred by imposing a six-level official victim adjustment under United States Sentencing Guideline § 3A1.2(b) because the government did not show his threat to kill a Social Security Administration employee was motivated by the victim's official status. The district court did not abuse its discretion because it found a sufficient factual basis for the upward adjustment in the presentence report. *See United States v. Tam*, 240 F.3d 797, 804 (9th Cir. 2001) ("The facts in the … [presentence report] are sufficient to support the district court's finding[s] . . . .").[1]

Moore also asserts that his sentence should be vacated because the district

---

[1] Moore's argument that the district court engaged in "impermissible double-counting" when it applied the official victim adjustment to his offense lacks merit. When a defendant is convicted under a statute that "already incorporate[s] the status of the victim in setting the offense level," the application of an official victim adjustment to the defendant's sentence does not constitute double counting. *United States v. Alexander*, 287 F.3d 811, 821 (9th Cir. 2002), *abrogated on other grounds by United States v. Plouffe*, 445 F.3d 1126, 1129 (9th Cir. 2006).

court made procedural errors at sentencing. First, Moore argues that the district court failed to apply the clear and convincing evidentiary standard to sentence-enhancing facts that disproportionately impacted his sentence. But Moore admitted the facts that affected the enhancement, and he failed to object to any allegedly inaccurate facts in the presentence report. The record justified the application of the official victim adjustment under either the "clear and convincing" or "preponderance of the evidence" standard of proof.

Next, Moore argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to make factual findings when it applied the official victim adjustment. But Moore failed to object to any facts in the presentence report, and he admitted at his change of plea hearing that he intended to interfere with the employee while he was engaged in the performance of his official duties. Accordingly, the district court "ha[d] no obligation under Rule 32(i)(3)(B)." *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) ("When a defendant fails to make specific allegations of factual inaccuracy in a PSR, a district court has no obligation under Rule 32(i)(3)(B).").

Finally, Moore contends that the district court referred to the wrong statutory maximum penalty for a violation of 18 U.S.C. § 115(b)(1)(4). Moore did not make this objection at the sentencing hearing, and he has not shown plain error because there is no basis to find that the claimed error affected the sentence. *See*

*Christensen*, 732 F.3d at 1101-02.

Having found no merit to any of the issues raised by Moore, we **AFFIRM.**