**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco TINOCO, Defendant–Appellant.**

No. 05–10156.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 18, 2007.

Patrick J. Walsh, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Francisco Tinoco, Lexington, KY, pro se.

Benjamin C. Durham, Esq., Benjamin C. Durham, Chtd., Las Vegas, NV, for Defendant–Appellant.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Francisco Tinoco appeals from the jury-trial conviction and 188–month sentence imposed for conspiracy to distribute a controlled substance and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Tinoco contends that he was entitled to a reduction in his offense level, pursuant to U.S.S.G. § 3B1.2, for playing a minor role in the offense. We disagree. The district court did not plainly err by not applying the adjustment because Tinoco was not substantially less culpable than his co-defendant. *See United States v. Pizzichiello*, 272 F.3d 1232, 1237 (9th Cir.2001).

Tinoco also contends that the government violated discovery laws by failing to advise the jury that charges against the co-defendant were dropped on the day he testified against Tinoco. We are unpersuaded. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires that upon request, potentially exculpatory evidence that is known by the prosecution, must be given, not to the jury, but to the defense. *See Brady*, 373 U.S. at 87, 83 S.Ct. 1194. Additionally, the record reflects that the government did provide Tinoco's counsel with the plea agreement that his co-defendant entered into with the government.

We decline to review the district court's discretionary denial of Tinoco's request for a downward departure based on the possibility that he would be deported. *See United States v. Garcia–Garcia*, 927 F.2d 489, 491 (9th Cir.1991) (per curiam) ("[T]he district court has no obligation affirmatively to state that it has authority to depart

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

when it sentences within the guideline range instead of departing.").

Finally, because the district court discussed Tinoco's advisory Sentencing Guidelines range as well as sentencing factors from 18 U.S.C. § 3553(a), the 188–month sentence is reasonable. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006); *see also United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006) (stating that the district court is not required to address all of the section 3553 factors). We find no support in the record for Tinoco's contention that the district court viewed the advisory Guidelines range as the presumptive sentence.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.