UNITED STATES of America,
Plaintiff–Appellee,

v.

Deondra McDUFFIE, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Elijah Victor Fuhr, Defendant–
Appellant.

Nos. 06–30391, 06–30537.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed May 30, 2007.

Helen J. Brunner, Esq., Ronald J. Friedman, Esq., Richard E. Cohen, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Allen R. Bentley, Esq., Seattle, WA, for Deondra McDuffie Defendant–Appellant.

Robert W. Goldsmith, Esq., Seattle, WA, for Defendant–Appellant Elijah Victor Fuhr.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Deondra McDuffie and Elijah Fuhr appeal the sentencing determination of the District Court arising from convictions for their involvement in a drug ring conspiracy in Seattle, Washington. We have jurisdiction over these matters pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and jurisdiction over a sentence within the United States Sentencing Guidelines ("Guidelines") pursuant to *United States v. Plouffe,* 445 F.3d 1126, 1129–31 (9th Cir. 2006) (as amended), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006). We review a district court's interpretation of the Guidelines de novo, findings of fact for clear error, and application of the Guidelines to the facts of the case for abuse of discretion. *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir. 2005).

McDuffie challenges his 21–month sentence for conspiracy to distribute cocaine as being procedurally and substantively unreasonable. We assess the reasonableness of a sentence through a two-step process considering first, whether the Guidelines range was accurately calculated, and second, whether the sentence is reasonable in light of the 18 U.S.C. § 3553(a) factors. *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006). Because McDuffie concedes that the Guidelines range was accurately calculated, we turn to the second step. A sentence must be both procedurally and substantively reasonable under the § 3553(a) factors.

■ Regarding procedure, McDuffie contends that the district judge failed to adequately explain his unwillingness to grant McDuffie a below-Guidelines downward departure based on McDuffie's tragic

background. We disagree. District Judge Martinez provided a thorough discussion on the record of his sentencing rationale, evidencing serious consideration of McDuffie's arguments as well as the § 3553(a) factors. Judge Martinez explained that, although he had considered reducing McDuffie's sentence based on his unfortunate childhood circumstances, he eventually decided against it based on McDuffie's arrest for an unrelated crime during his probation period. McDuffie's sentence was procedurally reasonable, considering Judge Martinez's individualized assessment and discussion of the § 3553(a) factors. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006) (requiring district courts to consider the § 3553(a) factors in imposing a sentence); *United States v. Delgado,* 357 F.3d 1061, 1071 (9th Cir.2004) (requiring district courts to provide defendant-specific reasons for imposing a sentence).

Substantively, McDuffie's sentence was also reasonable. McDuffie was sentenced to 21 months, the lowest sentence within the Guidelines range for his crime. Judge Martinez made it clear that the sentence length was selected in consideration of numerous factors, including that McDuffie had already been given a reduced charge in return for his plea agreement. As a result, we affirm the sentencing determination of the district court for McDuffie.

■ Elijah Fuhr challenges his 24–month sentence for conspiracy to distribute cocaine, claiming that he was improperly denied an offense level reduction based on his minor role in the crime. Section 3B1.2 of the Guidelines provides for a reduction in a criminal offense level if the defendant was a "minor participant" in the criminal activity. U.S.S.G.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 3B1.2(b). However, Comment 3(B) instructs that the reduction is inappropriate for "a defendant [that] has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct ... because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense." § 3B1.2(b) cmt. 3(B). Although Fuhr was less culpable than some of the other conspiracy members, he was charged accordingly by being held accountable for a substantially reduced quantity of drugs as compared to other participants, even though he could have been charged with the larger amounts. As a result of this leniency, he received a sentence considerably lower than other participants. Because his reduced participation was already taken into account, no further offense level reductions under § 3B1.2 were appropriate. We therefore also affirm the sentencing determination of the district court for Fuhr.

AFFIRMED.