**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

AROLDO PEREZ-PEREZ,
           *Defendant-Appellant.*

No. 06-30341

D.C. No.
CR-06-00054-001-
JLR

OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted
September 26, 2007—Seattle, Washington

Filed October 22, 2007

Before: Betty Binns Fletcher, Andrew J. Kleinfeld, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

14161

**COUNSEL**

Jay W. Stansell, Assistant Federal Public Defender, Seattle, Washington, for appellant Aroldo Perez-Perez.

John McKay, United States Attorney, and Donald M. Reno, Jr., Special Assistant United States Attorney, Seattle, Washington, for appellee United States of America.

## OPINION

GOULD, Circuit Judge:

Aroldo Perez-Perez was arrested in Seattle, Washington on February 7, 2006, and charged with illegal re-entry after being deported in violation of 8 U.S.C. § 1326(a). Perez-Perez waived indictment and pleaded guilty on March 8, 2006. In his plea agreement, he acknowledged that a previous conviction for possession with intent to distribute cocaine was an aggravated felony subjecting him to a twenty-year enhancement of the maximum potential sentence under 8 U.S.C. § 1326(a)(2). Perez-Perez also admitted that he had been deported from the United States on two previous occasions, most recently on or about January 4, 2005, after serving his sentence for eluding examination and inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2). The record also shows that Appellant has previous convictions for the possession or sale of cocaine in California and Washington State.

The district court conducted a sentencing hearing on June 5, 2006. The U.S. Probation Office recommended a sentence of 63-78 months based on the base offense level, Perez-Perez's criminal history and acceptance of responsibility, and a downward departure for Perez-Perez's participation in the district's immigration "fast track" program. The probation office's final recommendation was for 62 months and two weeks, reflecting a bottom-of-the-guideline sentence of 63 months minus two weeks for time served. Perez-Perez concurred in the calculation as a part of his plea agreement.

In his Sentencing Memorandum, Perez-Perez requested that the district court reduce the sentence to within a range of 46-57 months in light of several factors that he claimed were relevant under 18 U.S.C. § 3553(a). Specifically, Perez-Perez argued that his prior felony drug offense was *de minimis* in nature, that his current arrest was improper under the Fourth

Amendment because of alleged racial profiling, that he had recovered from drug addiction—which he alleged to be the cause of his prior criminal activity—and that he was motivated to return to the U.S. because his family was located here.

The district court sentenced Perez-Perez to 62 months and two weeks. In stating the reasons for the sentence, the district court stressed Perez-Perez's extensive criminal history and the need for deterrence in light of Perez-Perez's prompt reentry into the U.S. following his prior deportations. Despite justifying the sentence under these 18 U.S.C. § 3553(a) factors, the sentencing judge did not expressly address the defendant's specific arguments. Perez-Perez argues that in so doing the district court failed to comply with § 3553(a) and (c).

This Court has jurisdiction to review Perez-Perez's within-guideline sentence, *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir. 2006) (as amended), and does so to determine whether the sentence was unreasonable, *United States v. Booker*, 543 U.S. 220, 260 (2005). We conclude that it was not.

**[1]** A district court must only state the reasons for the sentence imposed. *See Rita v. United States,* 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *see also Plouffe*, 445 F.3d at 1131 ("[S]entencing courts are to consider how the sentencing factors apply to each defendant and determine whether an individualized sentence is warranted.").

**[2]** Here, the sentencing judge expressly based the within-guidelines sentence on the defendant's extensive criminal history and the need for deterrence, while apparently considering —without explicit reference—Perez-Perez's mitigation arguments. This is sufficient under the Supreme Court's decision

in *Rita* and this Court's earlier authority.[1] *See Rita*, 127 S. Ct. at 2469 (affirming district court where it "considered" defendant's arguments by listening to defendant's claims of physical ailments, prior commendable work experience and lengthy military service and determined, without further comment, that a lower sentence was "inappropriate" despite these mitigating factors); *see also United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006) (holding that Section 3553(a) "does not necessitate a specific articulation of each factor separately"). We conclude that the district court reached a reasonable conclusion after properly considering the § 3553(a) factors, and that it articulated its reasoning to the degree required for meaningful appellate review.

**AFFIRMED**.

---

[1]However, specific articulation of the judge's consideration of the § 3553(a) factors, including those argued by the sentenced defendant, is helpful to the reviewing court.