**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kimberley ROUSE, Defendant—**
**Appellant.**

**No. 07–30136.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed April 11, 2008.

Helen J. Brunner, Esq., Jill Otake, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Brooks Holland, Esq., University Legal Assistance, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, PAEZ, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Kimberley Rouse appeals her jury conviction and sentence for one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. Rouse contends that (1) insufficient evidence supported her conviction, (2) the district court improperly admitted certain testimony, and (3) her sentence is unreasonable. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### I. Sufficiency of the Evidence

■ Under 21 U.S.C. § 841(a)(1), the government must prove that Rouse knowingly possessed marijuana with intent to distribute. *See United States v. Magallon–Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000). Rouse argues insufficient evidence supported the jury's finding that she knowingly possessed marijuana or that she intentionally aided and abetted the other defendants' criminal venture to distribute it. We review claims of insufficient evidence de novo. *See United States v. Shipsey*, 363 F.3d 962, 971 n. 8 (9th Cir.2004). When considering a sufficiency of evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). We hold that the jury could have found beyond a reasonable doubt that Rouse knowingly possessed marijuana and that she intentionally aided and abetted the other defendants' criminal venture.

In *United States v. Klimavicius–Viloria*, 144 F.3d 1249 (9th Cir.1998), this court explained that with regard to knowledge of drugs on open-water vessels:

> Knowing participation may be shown by a number of factors, which include: a long voyage on a small vessel evincing a close relationship between captain and crew; suspicious behavior or diversionary maneuvers before apprehension; attempts to flee; inculpatory statements made after apprehension; witnessed participation as a crewman; obviousness of the contraband; or absence of equipment necessary to the intended use of the vessel.

*Id.* at 1263. Rouse took a two-to-five hour voyage "on a small vessel evincing a close relationship between captain and crew," and exhibited "suspicious behavior" by approaching the shore in the dark with the vessel's lights off. *Id.* She attempted to flee briefly before apprehension and made false statements to the Coast Guard officer upon apprehension. The hockey bags containing marijuana were so large in proportion to the small boat-they weighed 224 pounds-that the jury could have reasonably inferred that Rouse was certain to have noticed them on the long voyage. These facts, together with Rouse's participation in the unloading of the bags, support the jury's conclusion that Rouse knew about the marijuana.

Possession is demonstrated where a person "can exercise dominion and control" over the contraband. *United States v. Savinovich*, 845 F.2d 834, 837 (9th Cir.), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). Infrared video evidence and testimony established that two people on a boat approached the shoreline,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

one person got out of the boat to carry the hockey bags to shore, and that Rouse remained on the boat, helping steady the boat and move the bags. Evidence showed that Rouse had to actively maintain the position of the boat because of strong winds. Taken together, these facts demonstrate both that Rouse could and did exercise dominion and control over the marijuana.

The government need not introduce evidence of specific intent to distribute where, as here, a defendant possessed or aided or abetted the possession of a large quantity of drugs. *See Klimavicius–Viloria*, 144 F.3d at 1263. Rouse's intention to distribute was manifest in her actual assistance in its distribution. Rouse's theory that she was innocently present on the boat is unpersuasive.

■ Rouse argues that insufficient evidence supports the jury finding that she assisted the other defendants' criminal venture to distribute marijuana so as to intentionally aid and abet it. This argument is also unpersuasive. To establish aiding and abetting, the government must prove that Rouse "in some sort associated [herself] with the venture, that [she] participated in it as something that [she] wished to bring about, that [she] sought by [her] action to make it succeed." *United States v. Ramirez–Robles*, 386 F.3d 1234, 1241 (9th Cir.2004) (internal quotation marks and citation omitted). Infrared video evidence and testimony establishing Rouse's role in unloading marijuana from the boat and her control of the boat itself at various points could have led the jury to conclude that Rouse associated herself with the venture, that she participated in it as something that she wished to bring about and that she sought by her action to make the criminal venture to distribute four large hockey bags of marijuana succeed.

## II. Admission of Testimony

■ Rouse claims the district court erred by admitting the testimony of the agent who recorded her criminal activity using aerial infrared surveillance equipment. His testimony amounted to expert opinion under Fed.R.Evid. 702. The district court did not formally qualify the agent as an expert witness. However, Rouse did not object at any point during the agent's testimony, nor did she ask for a hearing on the agent's expertise or on the reliability of infrared technology used by law enforcement officials in this case. The district court's decision whether to admit or exclude expert testimony is reviewed for an abuse of discretion except where, as here, no objection is raised, in which case we review for plain error. *See United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000). Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir.2004).

The district court's failure to formally qualify the agent as an expert witness was not plain error because this court "can discern from the record that the witness could have been qualified as an expert under Federal Rule of Evidence 702." *United States v. Mendoza*, 244 F.3d 1037, 1046 (9th Cir.2001). The agent offered sufficient foundation for the infrared technology, and a different agent, whose testimony is unchallenged, provided the jury with background as to how it worked and how to interpret it.

Additionally, the district court did not plainly err in its decision to admit the agent's expert testimony as reliable. This court has held that this particular type of

infrared technology can be used for generic identification and that this identification may have significant probative value, even though only generic, when considered together with other admissible identifying evidence. *United States v. Sanchez*, 829 F.2d 757 (9th Cir.1987). The record further reflects that the agent was qualified to use the infrared camera system—he had over 1000 hours of experience—and used it properly in this instance.

### III. Reasonableness of the Sentence

■ Rouse challenges her sentence, arguing that a sentence of probation would have been reasonable because of her minimal role in the offense, her severe medical condition (interstitial cystitis), and other 18 U.S.C. § 3553(a) factors. We review federal sentences for reasonableness. *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007). "[R]easonableness review merely asks whether a trial court abused its discretion." *Id.* at 2465 (internal quotation marks and citation omitted). We review a district court's interpretation of the United States Sentencing Guidelines (U.S.S.G. or Guidelines) de novo and its factual findings for clear error. *United States v. Staten*, 466 F.3d 708, 713 (9th Cir.2006). In assessing reasonableness, we are "guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the [U.S.S.G.]." *United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.2006).

We hold that the district court properly considered the § 3553(a) factors, including Rouse's involvement in the crime as well as her medical condition, and provided an adequate statement of reasons pursuant to 18 U.S.C. § 3553(c) to support its conclusion that a sentence of incarceration, rather than probation, was necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2). Indeed, the district court imposed a sentence more than two years below the Guidelines range. In so doing, the district court "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own decisionmaking authority." *Rita*, 127 S.Ct. at 2468 (citing *United States v. Taylor*, 487 U.S. 326, 336–37, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988)).

We also reject Rouse's argument that the district court erred by denying her request for a four-level minimal role reduction under U.S.S.G § 3B1.2(a), and instead granting a three-level minor role reduction under U.S.S.G § 3B1.2(b). The court properly calculated the Guidelines range, finding a four-level minor role reduction inappropriate because evidence at trial established beyond a reasonable doubt Rouse's knowing possession of marijuana and her vital participation in the criminal venture to distribute it.

**AFFIRMED.**