**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gerardo AGUIRRE–LOPEZ, a/k/a Fernando Carrasco–Diaz, a/k/a Ifidro Lugo, a/k/a Fernando Carrasco, Defendant—Appellant.**

**No. 05–50566.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 14, 2008.*

Filed April 21, 2008.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Angela Davis, AUSA Office of the U.S. Attorney Criminal Division, Frank J. Jerich, Esq., U.S. Department of Justice, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM **

Gerardo Aguirre–Lopez appeals his sentence of fifty-seven months imprisonment followed by a three-year term of supervised release imposed for his conviction of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir.2006)

** This disposition is not appropriate for publication and may not be cited to or by the

(as amended). We reverse the supervised release condition and remand to the district court for correction of the written judgment, and reject his remaining challenges.

■ Aguirre–Lopez argues that the district court erred by including in the written judgment a condition of supervised release requiring him to report to his probation office within seventy-two hours of entering the United States after the district court had stated during the plea colloquy and the sentencing hearing that the reporting condition would not be imposed because it was unfair. We agree that this was error. Remand to the district court is necessary to correct the written judgment so that it is consistent with the oral pronouncements.

■ Aguirre–Lopez challenges his sentence of fifty-seven months imprisonment followed by a three-year term of supervised release as unreasonable. The district court correctly calculated the Guidelines sentence of fifty-seven to seventy-one months. Based on the sentencing factors enumerated in 18 U.S.C. § 3553, the court then sentenced Aguirre–Lopez to fifty-seven months, at the lowest end of the Guidelines range. The district court properly considered the § 3553 factors in determining Aguirre–Lopez's sentence. We conclude the sentence is reasonable. *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir.2008) (en banc) ("[W]e shall simply abide by the Supreme Court's admonition that 'when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable.'" (quoting *Rita v. United States*, —— U.S.

courts of this circuit except as provided by 9th Cir. R. 36–3.

——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007))).

■ Aguirre–Lopez argues that the district court unconstitutionally relied on his prior conviction, which was neither admitted nor found by a jury, to support the sixteen-level enhancement. The Supreme Court held in *Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions need not be admitted or found by a jury in order to support such an enhancement. We have repeatedly held that unless and until *Almendarez–Torres* is overruled, we will follow it, and will not limit its application to the facts.

Aguirre–Lopez's challenge that the district court's application of *Booker* violates the prohibition against ex post facto laws is foreclosed by *United States v. Dupas*, 419 F.3d 916, 919–21 (9th Cir.2005), in which we held that the prohibition against ex post facto laws does not apply to judicial adjustments to sentencing schemes, and a defendant is not protected from a change in sentencing law merely because it would disadvantage him.

■ Aguirre–Lopez also argues that the district court plainly erred in imposing a condition that requires him to pay the costs of his drug treatment as directed by the probation officer, rather than as directed by the court. We held in *Dupas* that the district court did not plainly err in ordering an identical reporting condition that vested responsibility in the probation officer rather than in the court. *Id.* at 922–24. Because Aguirre–Lopez did not object to the condition during the sentencing hearing, we review for plain error. Thus, under *Dupas*, the condition does not

merit reversal because there was no plain error.

Aguirre–Lopez also challenges the supervised release reporting condition as a violation of his Fifth Amendment right against self-incrimination because the act of reporting would expose him to new criminal prosecution under 8 U.S.C. § 1326. Although we note that this argument is foreclosed by our decision in *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 773 (9th Cir.2006), we need not reach this issue because the record indicates that the district court did not impose that condition.

**AFFIRMED in part, REVERSED in part, and REMANDED.**