**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Leila LAGAFUAINA, Defendant— Appellant.**

No. 05–10489.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael K. Kawahara, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Glenn D. Choy, Esq., Honolulu, HI, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Leila Lagafuaina appeals from the 87–month sentence imposed following her guilty-plea conviction for conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, and distribution of more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As an initial matter, we reject the government's contention that we lack jurisdiction to review the district court's discretionary denial of a downward departure. *See United States v. Plouffe,* 445 F.3d 1126, 1128–29 (9th Cir.2006); *see also United States v. Dallman,* 533 F.3d 755, 762 (9th Cir.2008).

The district court did not clearly err in denying Lagafuaina's request for a minor role reduction pursuant to U.S.S.G. § 3B1.2. The record demonstrates that the district court properly compared Lagafuaina's role in the offense to the other participants, *see United States v. Rojas–Millan,* 234 F.3d 464, 473–74 (9th Cir. 2000), and determined that her role in connecting the supplier of the drugs with the confidential informant was inconsistent with a minor role reduction. *See United States v. Awad,* 371 F.3d 583, 591–92 (9th Cir.2004).

Lagafuaina contends that the sentence imposed is procedurally unreasonable because the district court placed extra weight on the advisory guidelines. Reviewing for plain error, we conclude that Lagafuaina has not met her burden of showing reversible error. *See Dallman,* 533 F.3d at 762. In the instant case, the district court performed the proper sentencing calculations, and conducted a thorough analysis of the factors under 18 U.S.C. § 3553(a) before imposing a sentence at the bottom of the advisory guidelines range. *See id.*

To the extent that Lagafuaina challenges the substantive reasonableness of her sentence, this contention lacks merit. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.