**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alicia Carol BASS, Defendant–**
**Appellant.**

**No. 08–50540.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Shawn Jeffery Nelson, Special Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jeff Dominic Price, CJA Panel, Santa Monica, CA, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Alicia Carol Bass appeals from the 15–month sentence imposed following her guilty-plea conviction for use of a communication facility in committing a felony drug offense, in violation of 21 U.S.C. § 843(b),(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As an initial matter, the government contends that Bass' appeal is moot because she has already served her custodial sentence. This contention lacks merit. *See United States v. Montenegro–Rojo,* 908 F.2d 425, 431 n. 8 (9th Cir.1990).

The government also contends that Bass' appeal is barred by an appeal waiver contained in the plea agreement. Because the government failed to object to the district court's pronouncements that Bass could appeal her sentence, the government has waived this argument. *See United States v. Felix,* 561 F.3d 1036, 1041 (9th Cir.2009).

Bass contends that the district court imposed an unreasonable sentence by sentencing her to a term of imprisonment when a co-defendant with a more serious

criminal history had received probation. We conclude that the district court did not procedurally err, and that the sentence imposed is not substantively unreasonable. *See United States v. Plouffe,* 445 F.3d 1126, 1131–32 (9th Cir.2006); *see also United States v. Stoterau,* 524 F.3d 988, 999–1002 (9th Cir.2008).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.