FILED

AUG 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff - Appellee,<br><br>   v.<br><br>JASON PAUL CHRISTENSEN,<br><br>      Defendant - Appellant. | No. 09-30372<br><br>D.C. No. 2:08-cr-06027-LRS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted July 7, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

   Defendant-appellant Jason Paul Christensen ("Christensen") appeals from a

final judgment convicting him of eight counts of mail fraud, in violation of 18

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1341, and eight counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Christensen pleaded guilty with a plea agreement, and the district court sentenced him to 109 months imprisonment, 12 months less than the low end of the applicable guidelines range.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We do not repeat them.

I

When the defendant does not object to a purported procedural error, we review the district court's actions for plain error. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

We review all sentencing decisions for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

II

Christensen fails to show that the district court committed any procedural error at all, much less one "that affects substantial rights." *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006) (internal quotations and citations omitted).

Likewise, the record indicates that the district court properly exercised its discretion and imposed a substantively reasonable sentence.[1] The district court thoughtfully considered the 18 U.S.C. § 3553(a) factors and imposed a sentence that was 12 months less than the low end of the applicable advisory guidelines range. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir. 2006) (stating that the determination whether a sentence is substantively reasonable is "guided by

---

[1] We deny Christensen's February 1, 2010 Motion to Take Judicial Notice of Video Evidence.

3

the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing

range established by the Sentencing Guidelines”).

AFFIRMED.